UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON DEVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-00250 |
| | ) |
| LATHAM POOL PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Jason Devall ("Devall"), brings this action against Defendant, Latham Pool Products, Inc. ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

## PARTIES

2. Devall has resided within the Northern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5. Devall was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

7. Devall is a qualified individual with a disability, has a record of a disability, and/or was

regarded as disabled by Defendant.

8. Between February 1, 2021, and June 29, 2021, Devall was an "eligible employee" as that term is defined by the FMLA.

9. Devall had a "serious health condition," as that term is defined by the FMLA.

10. Between January 1, 2020, and December 31, 2021, Defendant employed 50 or more employees within a 75-mile radius of the location at which Devall worked.

11. Devall worked 1,250 or more hours in the 12-month period preceding February 1, 2021.

12. Devall worked 1,250 or more hours in the 12-month period preceding March 1, 2021.

13. Devall worked 1,250 or more hours in the 12-month period preceding April 1, 2021.

14. Devall worked 1,250 or more hours in the 12-month period preceding May 1, 2021.

15. Devall worked 1,250 or more hours in the 12-month period preceding June 1, 2021.

16. Devall satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Devall. He now timely files his lawsuit.

17. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

18. Defendant hired Devall to be a Maintenance Technician in or about January 2020.

19. Devall's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

20. Devall has been diagnosed with and treated for anxiety and anxiety-based disorders.

21. Defendant's management and human resources employees had knowledge of Devall's disabilities.

22. Devall experienced a severe onset of symptoms attributed to his disability in or about January 2021.

23. Devall took several days off work to treat his disability.

24. Devall informed Defendant that he was taking time off to treat his disability.

25. Devall's notice to Defendant of his need to take time off work to treat his disability constituted a request for a reasonable accommodation.

26. Devall submitted a return-to-work form completed by his physician as required by Defendant.

27. Defendant counted these absences against Devall, thereby rejecting his request for a reasonable accommodation.

28. Defendant did not engage in the interactive process with Devall and did not proffer an alternative accommodation to him.

29. Upon returning to work, Defendant informed Devall that it was placing him on probation for missing work to treat his disability. Defendant advised Devall that it would fire him if he incurred any additional unexcused absences.

30. Devall subsequently requested intermittent FMLA leave.

31. Devall's physician completed an FMLA certification for him and approved him for up to three days per month.

32. Defendant's Human Resources Director, Monica Cardenas ("Cardenas"), approved Devall for up to only two days of FMLA leave per month to treat his disability.

33. Devall's request for intermittent FMLA leave constituted a request for a reasonable accommodation under the ADA.

34. In or about the first week of May 2021, Devall again experienced severe symptoms arising from his disability.

35. Devall took FMLA-qualifying leave to treat the flare up of his disability.

36. Devall's notice to Defendant of his need for leave time to treat his disability constituted a request for a reasonable accommodation.

37. Defendant did not engage in the interactive process with Devall and did not offer an alternative accommodation to him.

38. Upon his return to work, Defendant advised Devall that it was issuing attendance points to him for every day he was absent, including the two FMLA days Defendant had previously approved for him to take per month. Defendant issued a letter to him detailing the 8.5 points he had accrued.

39. Devall then attempted to submit new FMLA paperwork from his physician to Defendant, which provided him with additional FMLA leave.

40. This time, the FMLA certification completed by Devall's doctor provided that he could take up to six days off per month to treat his disability.

41. Devall's request for additional FMLA constituted a request for a reasonable accommodation.

42. Defendant denied the intermittent FMLA and accommodation leave requested by Devall.

43. Defendant informed Devall that it would not accommodate his request, even though Devall had sufficient FMLA hours remaining.

44. Defendant suggested to Devall that he accept a reduction of his requested FMLA and accommodation leave from up to six days per month to up to two days per month or, in the alternative, a continuous leave.

45. Devall did not require a continuous leave of absence to treat his disability.

46. Defendant's proffered alternatives did not constitute a good-faith engagement in the interactive process with Devall.

47. On or about June 28, 2021, Devall informed Supervisor Hugo Carrilo that he was having a hard day because of his disability and needed to use his FMLA to take the day off.

48. Devall then emailed Cardenas that he needed to use FMLA for that day at 2:30 p.m.

49. At around 3:12 p.m., Cardenas emailed Devall and stated "[y]ou have used up your 2 FMLA days for June, this will be counted as unexcused time off."

50. At around 1:30 p.m. on or about June 29, 2021, Cardenas emailed Devall that Defendant was firing him because he had accumulated too many attendance points, including the one issued on or about June 28, 2021.

51. Defendant fired Devall for using his intermittent FMLA and requested accommodation.

52. Initially, Devall had up to three days of FMLA per month per his physician's certificate. His doctor subsequently approved him for up to six days of FMLA leave per month, including for June 2021.

53. Cardenas, however, charged Devall with attendance points for using his FMLA and requested accommodation in or about June 2021.

54. Defendant took adverse employment actions against Devall because of his disability, his record of a disability, its perception of him being disabled, his FMLA absences, his requests for FMLA leave, and/or his statutorily-protected activities.

55. Defendant interfered with Devall's FMLA rights and retaliated against him for requesting and/or taking FMLA-qualifying leave.

56. Defendant has accorded more favorable treatment to comparators outside of Devall's protected classes.

57. Any reason proffered by Defendant for the adverse actions it took against Devall is pretextual.

58. Devall has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### DISABILITY DISCRIMINATION – ADA

59. Devall hereby incorporates paragraphs 1-58 of his Complaint.

60. Devall asked for a reasonable accommodation.

61. Defendant did not provide a reasonable accommodation to Devall between in or about January 2021 and on or about June 29, 2021.

62. Defendant did not engage in the interactive process with Devall between in or about January 2021 and on or about June 29, 2021.

63. Instead, Defendant used the requested accommodation against Devall.

64. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Devall's rights as protected by the ADA.

## COUNT II

### DISABILITY DISCRIMINATION – ADA

65. Devall hereby incorporates paragraphs 1-64 of his Complaint.

66. Defendant fired Devall because of his disability, record of a disability, and/or its perception of him being disabled.

67. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Devall's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

68. Devall hereby incorporates paragraphs 1-67 of his Complaint.

69. Devall engaged in statutorily-protected activities.

70. Defendant fired Devall because of his statutorily-protected activities.

71. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Devall's rights as protected by the ADA.

## COUNT IV

## VIOLATIONS OF THE FMLA

72. Devall hereby incorporates paragraphs 1-71 of his Complaint.

73. Devall asked for FMLA-qualifying leave.

74. Devall took FMLA-qualifying leave.

75. Defendant fired Devall because of his FMLA-qualifying leave.

76. Defendant interfered with Devall's substantive FMLA rights.

77. Defendant fired Devall because of his FMLA requests and/or FMLA qualifying leaves.

78. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Devall's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jason Devall, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant pay lost wages and benefits to Devall;

  2. Defendant reinstate Devall to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to him in lieu of reinstatement;

  3. Defendant pay compensatory and punitive damages to Devall;

  4. Defendant pay liquidated damages to Devall;

  5. Defendant pay pre- and post-judgment interest to Devall;

  6. Defendant pay Devall's attorneys' fees and costs incurred in litigating this action; and

  7. Defendant pay to Devall any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

            Respectfully submitted,

            /s/ Bradley L. Wilson
            Bradley L. Wilson, Attorney No. 21154-49

            /s/ Shannon L. Melton
            Shannon L. Melton, Attorney No. 29380-49

            Attorneys for Plaintiff
            Jason Devall

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone: (317)802-7181
Email:  bwilson@wilsonmelton.com
     smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Jason Devall, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Attorneys for Plaintiff
Jason Devall